UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Joe, #268638,<br><br>                Plaintiff,<br><br>v.<br><br>Beverly A. Wood;<br>Robert M. Politeman a/k/a Polietman;<br>Ms. Delaney;<br>Ms. Swinger;<br>Denise Bryant;<br>Mr. Harouff a/k/a Harouf;<br>Mr. Williams;<br>Daniel C. Plyler;<br>Mr. Claytor;<br>T. Ragland;<br>Jane Doe;<br>Willa Huggins; and<br>John Doe,<br><br>                Defendants. | C/A No. 2:10-2385-RBH-RSC<br><br>**REPORT AND RECOMMENDATION**<br>*for dismissal of defendants*<br>*Plyler, Claytor, John Doe,*<br>*and Jane Doe* |

RECEIVED USDC, CLERK CHARLESTON, SC<br>2010 OCT 19 A 11: 36

The Plaintiff, Anthony Joe ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges several

---

    [1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

    [2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

constitutional violations including deliberate indifference to a serious medical need, excessive force, and denial of access to the courts. Plaintiff seeks damages and injunctive relief. The defendants Plyler and Claytor should be dismissed for failure to state a claim on which relief may be granted, and the defendants John Doe and Jane Doe should be dismissed for failure to prosecute the claims against them.[3]

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible

---

[3] Contemporaneously with this Report and Recommendation, the Court enters an Order to authorize service of process upon defendants Beverly A. Wood, Robert M. Politeman a/k/a Polietman, Denise Bryant, T. Ragland, Willa Huggins, Ms. Delaney, Mr. Harouff a/k/a Harouf, Ms. Swinger, and Mr. Williams.

abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the Plaintiff had prepaid the full filing fee, this Court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims

3

that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Plaintiff

4

alleges that Daniel C. Plyler is an "S.C.D.C. attorney," but Plaintiff's proposed service documents reveal that Plyler is employed at the law firm of Davidson & Lindemann, P.A., in Columbia, South Carolina. The Complaint alleges that Plaintiff seeks to bring suit against Plyler due to his misconduct during a state court case where Plyler represented the South Carolina Department of Corrections against Plaintiff. In other words, it appears that Plyler was opposing counsel to Plaintiff in a prior civil action. Defendant Plyler should be summarily dismissed from this § 1983 action because he did not act under color of law. *See Sharper v. South Carolina Dep't of Corr.*, No. 2:09-777-JFA-RSC, 2009 WL 1209583, *6 (D.S.C. May 1, 2009) (finding that a law firm which had represented SCDC in a prior action versus the plaintiff did not act under color of law). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Thus, Plaintiff

failed to allege a cognizable § 1983 claim against Defendant Plyler.

Defendant Mr. Claytor should be dismissed because it appears that he is named in the caption only. There is no allegation about Claytor's personal involvement. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). *See also Francis v. Giacomelli*, 588 F.3d 186, 192-93 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff did not plead any factual allegations against Claytor, the Complaint fails to state a claim upon which relief may be granted under § 1983 as to that defendant.

As to defendants John Doe and Jane Doe, this Court should dismiss them because it appears that Plaintiff is no longer pursuing his claims against them. By Order dated September 22, 2010, this Court directed Plaintiff to submit the necessary information and paperwork to bring the case into proper form for

evaluation and possible service of process. Plaintiff received the Order, and he did complete and submit service documents for several defendants. However, even though he was instructed to do so, Plaintiff did not complete and submit service documents for defendants John Doe and Jane Doe. Thus, it appears that Plaintiff no longer desires to pursue, or prosecute, this case against John Doe and Jane Doe, and those defendants should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

Recommendation

Accordingly, it is recommended that the District Court dismiss the defendants Daniel C. Plyler, Mr. Claytor, John Doe, and Jane Doe *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Robert S. Carr
United States Magistrate Judge

October _19_, 2010
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).