IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Anthony Joe, )<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>Beverly A. Wood; Robert M. Politeman, )<br>a/k/a Polietman; Denise Bryant; )<br>T. Ragland; Willa Huggins; )<br>Ms. Delaney; Mr. Harouff, a/d/a Harouf; )<br>Ms.Swinger; Mr. Williams; Amy R. Enloe, )<br>Nurse Practitioner at Perry; Sylvia Roberts, )<br>MHCCC at Perry, )<br>)<br>        Defendants. )<br>_____ ) | C.A. No.: 8:10-2385-RBH<br><br>**ORDER** |

      This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

      Neither party has filed objections to the Report and Recommendation. In fact, the mail to the plaintiff which enclosed the Report and Recommendation was returned as

1

"undeliverable" with a notation that he was released on July 1, 2011. The plaintiff has not furnished the Court with a change of address.  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is

**ORDERED** that Plaintiff's motion for preliminary injunction and Plaintiff's motion for partial summary judgment are denied.

The defendants filed a Motion for Summary Judgment on August 4, 2011. A Roseboro Order was mailed to the plaintiff on August 5, 2011. The Roseboro Order was returned to the Court, marked "undeliverable" on August 15, 2011.  The plaintiff was advised in the Proper Form Order filed on September 22, 2010 (Docket Entry # 6) that he must advise the court of any change of address and that his case could be dismissed for violating this order. The plaintiff has not done so and has not responded to the defendants' motion for summary judgment. Accordingly, this case is dismissed with prejudice for failure to prosecute.  Additionally, there was no objection to the findings in the previous Report and Recommendation which would also

serve as the basis for granting summary judgment to the defendants (Report and

Recommendation, pp. 14[1] and 15[2]).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 23, 2011

---

[1] "Here, the Court cannot enter summary judgment in favor of Plaintiff. Although the Court finds there is no genuine issue of material fact as to whether Defendants were deliberately indifferent to Plaintiff's mental health needs, the Court finds Plaintiff is not entitled to judgment as a matter of law."

[2] "Defendants also argue they are entitled to qualified immunity because their conduct did not violate any clearly-established rights of which a reasonable government official would have known. The Court agrees."

3